Gray, J.
The first question presented is upon the exception taken by the plaintiff’s counsel to the decision of the judge, in refusing to permit an entry made in the plaintiff’s books to be read as evidence of the fact that the copper there charged had been sold to the ship Thomas Williams and owner's. This entry was not made by the plaintiff, but by his clerk, who testified that the bargain was made between the plaintiff and defendant in his presence. In such case the party is not entitled to the benefit of his books as evidence. He had a clerk who heard the bargain and made the entry. Whether the entiy was justified by the facts must depend upon the clerk’s recollection and other evidence of the bargain. The question before the jury was, whether or not the bargain made warranted the entry. But it was claimed as a part of the res gestee, and as such was permitted to be read to the jury as evidence of the mere fact that such an entry was made. Of this ruling the plaintiff ^id no reason to complain. The entry was neither the act nor the declaration of the plaintiff made at the time, but that of Ms clerk, who was upon the stand to assign the reasons why the entry was thus made.
*210 The plaintiff also excepted to the ruling of the judge in refusing to permit him to prove that on the day the copper in question was delivered, and before it was delivered, he, not having a fall assortment out of which to supply the order, applied to another house for it, and proposed to give the notes he was to receive without recourse to him; and assigned as a reason that he had sold the copper to the defendant as agent of the ship Thomas Williams, and that her owners were rich, and liable for the amount of the notes. This evidence was also claimed a,s a part of the res gestee. The general rule is that declarations, to become a part of the res gestee, must accompany the act which they are supposed to characterize, and must so harmonize as to be obviously one transaction. (Enos v. Tuttle, 3 Conn., 250.) The object of the declarations offered was to show what the bargain was. The bargain and the performance of it were distinct transactions. By the bargain, which was completed before the declarations offered were made, the rights of the parties had become fixed, so far as they could be affécted by a parol agreement. It was clearly not competent to allow the party to prove his declarations while performing or endeavoring to perform his agreement, for the purpose of characterizing the agreement itself. It was at most an offer to prove the plaintiff’s construction of the effect of language used between him and the defendant in making the bargain, after it was closed, and when the party to be affected by it was not present. In the case of Fellowes v. Williamson (1 Moody & Malk., 306), the declarations of the plaintiff, though made five months after the recommendation, were made at the time of bargaining, and were offered to show that the goods were furnished upon the strength of the recommendation; and in Allen v. Duncan (11 Pick., 308), the declaration was made for the purpose of correcting a mistake upon the first information received that it had been made. The declaration in that case being against the interest of the party making it, having the effect to make him solely responsible instead of *211 being jointly liable with another, and being followed by the act of paying the debt, was held admissible. No such feature is presented in this case. The declaration here offered was hot against the interest of the party making it, nor followed by any act against his interest in confirmation of its truth.
The next exception arises upon the admission of proof that the defendant’s credit at the time of the sale of the copper was good. An important question in the case was, to whom did the plaintiff give credit for the copper, to the defendant or to Williams ? If the defendant had been irresponsible at the time, it certainly would have contributed much to strengthen the argument that the credit was not given to him. His good credit would have the effect to keep the attention of the jury upon what he said and did at the time of the sale, for the purpose of determining from what passed at the time to whom the credit was in fact given. The parties differed in relation to the true interpretation that should be given to their language while bargaining. In such case, extrinsic facts are frequently resorted to to aid in the interpretation of language susceptible of more than one construction, and are competent for that purpose. (French v. Carhart, 1 Comst., 96.) The only object of the evidence objected to was to hold the attention of the jury to the language used, that from it alone they might determine to whom the credit was given. This they were bound to do without the evidence of the good credit of the defendant, there being no other extrinsic facts to be repelled by the proof of the defendant’s responsibility. The evidence may, therefore, have been immaterial. The fact, however, that the defendant proved that which the law,. without proof to the contrary, would presume to exist, is no ground of error.
At the conclusion of the judge’s charge, the plaintiff’s counsel requested him to charge “that the representations and conduct of the defendant were sufficient to induce the *212 plaintiff to suppose he was selling to the ship; that if the defendant perceived the plaintiff had received that impression, and stood by and allowed' him to remain under that impression without undeceiving him, the defendant was chargeable as for a suppression of truth, in the same manner as if he had made a fraudulent representation.” This the judge declined to do, stating that the substance of this request was contained in his charge. To this refusal to charge as requested the plaintiff’s counsel excepted. This is the only exception properly taken to the charge or refusal to charge. The judge was clearly right in declining to charge the jury that the representations and conduct of the defendant were sufficient to induce the plaintiff to suppose he was selling to the ship. A judge is not required to express an opinion, much less to charge, as to a belief, when, as in this case, the evidence would not warrant a peremptory ruling of the point in favor of the party seeking to establish it. Whether the defendant’s representations and conduct were sufficient to induce the plaintiff to suppose he was selling to the ship, was a question of fact to be solved by the jury upon a fair consideration of the evidence, and was so considered'by the judge, who fairly submitted the question to them. The residue of the request had been covered by that portion of the charge in which the jury were instructed “ that if the defendant intended to indicate that he was acting for the owners of the ship, or to lead or allow the plaintiff to believe the ship-owners to be exclusively or conjointly responsible with him for the price of the copper, he was chargeable for fraud.”
The judgment should be affirmed.
Judgment affirmed.