*482
 
 Pearson, C. J.
 

 One who prevents the performance of a condition, or makes it impossible by his own act, shall not take advantage of the non-performance. Lord Coke illustrates the rule by this case : If A be bound to B, that J. S. shall marry Jane Gr. upon such a day, and before the day B marry with Jane, he shall not take advantage of the bond, for that he, himself, is the mean that the condition could not be performed, and this is regularly true in all cases.” Co. Lit. 20 b.
 

 In our case, the defendant, by compromising the suits, and acquiring the right of Williams, by means of his release, made the condition impossible, and, according to the rule, cannot take advantage of its non-performance in order to defeat his subscription.
 

 This action is not barred by the statute of limitations, for a sale of the stock was made within less than three years after the assessment, and this action, for the balance after deducting the proceeds of the sale, was commenced within less than three years after the sale, at which time the balance due was ascertained, and the cause of aetion for the balance accrued.
 

 Admit that the remedy given by the statute is cumulative, and that the plaintiff might have brought an action of assumpsit, at common law, for the amount assessed, and that the common law action was barred by the statute of limitations vrhen the writ in this case issued, the remedy given by the statute embraces not simply a sale of the stock, but also an action for the balance, and as the election to pursue the statute remedy was made within three years after the assessment, no question can be made as to its not being in time ; and, being commenced in time by a sale, the other branch of the remedy, to wit, an action for the balance was not barred, until three years after the sale, because that right of action did not accrue until the sale. There is no error.
 

 Per Curiam;,
 

 Judgment affirmed.