JENKS v. ROBERTSON, administratrix, etc., appellant.

*Release of contract under seal — waiver of condition — estoppel — interest.*

A contract, under seal, may be released or modified by a parol agreement which is carried into effect.

J. S. contracted, under seal, to perform certain work for defendant. Defendant afterward, by parol, and for a valuable consideration, agreed to release J. S. from a performance of a part of the work. The part of the work so released, defendant let to other parties, and J. S. performed the remainder. *Held*, that the release was valid.

J. S. having a contract to perform certain work for defendant, which provided, among other things, that the contract should not be assigned without the written consent of defendant, assigned said contract without such written consent to plaintiff. Plaintiff performed the work and the defendant knowing of the assignment, delivered to him estimates, paid him upon his own receipt, and otherwise treated him as assignee without making objection to the assignment. *Held*, that defendant was estopped from claiming that the assignment was invalid.

Where, by contract for the performance of work, a certain per cent is to be deducted from the monthly payments and retained until the entire performance of the contract, the amount is due on the completion of the work, and bears interest from that time.

APPEAL from a judgment, in favor of the plaintiff, upon a verdict rendered at the circuit. The opinion states the facts.

*Matthew Hale,* for appellant.

*George Sydney Camp,* for respondent.

MILLER, P. J. The action was brought by the plaintiff as assignee of one John Passmore of a contract under seal, made between him and one Robertson the defendant's intestate, on the 25th of October, 1867, for the construction of a portion of the Southern Central Railroad. By the contract the defendant's intestate had a right to retain from the monthly payments ten per cent of the whole amount of work done and materials delivered, the amount so deducted to be paid to Passmore on the full and entire performance, by him, of the contract on his part, and by a failure to perform the covenants of the contract, Passmore was to forfeit any balance of the money due as well as the ten per cent retained. It was also agreed that Passmore should not sell, assign or transfer the contract or any interest therein, or sub-

let any part of the work without the written consent of Robertson. The action was tried before Mr. Justice MURRAY and a jury, at the Tioga circuit, in March, 1872. It appeared upon the trial that one Worthington was a partner of Robertson for the construction of the portion of the road included in Passmore's contract, and Passmore having done some work and put up a boarding shanty in January or February, 1868, made a proposition to Worthington to release him from that portion of the job, known as sections eleven to thirteen, lying north of the Owego creek, and offered to give the shanty upon being so released. No answer was then given, but in March, 1868, the proposition was renewed, when Robertson, Worthington, and one Evershed, who was their general agent, were together, and there was proof to show that it was then agreed to release Passmore from the portion of the contract above mentioned. The testimony on this subject was conflicting, and the case was submitted to the jury, upon this as well as other questions of fact which arose upon the trial under the charge of the justice presiding at the circuit. Immediately after this alleged arrangement, a written contract was entered into between Robertson and Worthington with one McRae, to whom, also, the shanty was sold or given up by them for the portion of the job claimed to have been released, and the estimates for the remainder were made out, and the work done by Passmore, and money paid to and receipted by Passmore, or in his name. On the 4th of May, 1868, Passmore having performed a large amount of work, about all of which was on that portion of the job south of the Owego creek, and having been paid for the same, except the ten per cent reserved, assigned the contract, including the ten per cent, to the plaintiff. This assignment was brought to the knowledge of Robertson and Worthington, and on the 24th day of June, a copy of the same was furnished to them, upon their application. Although the estimates were made out in the name of Passmore, yet from the time of the assignment, the money for the work done was paid to and receipted by the plaintiff individually, and for Passmore. No objection was made to the assignment by the defendant or Worthington, as the defendant testifies. After the action was commenced Robertson died, and it was continued against his administratrix. The jury found in favor of the plaintiff for $4,932.87, including interest on the ten per cent from the completion of the job. Various objections were made and exceptions taken, which are hereinafter considered and discussed.

The contract between the defendant's intestate and Passmore being under seal, the question arises whether the alleged release or modification was valid and effectual. There is a class of cases which hold that an executory contract, under seal, cannot be discharged by a parol executory agreement. See *Delacroix* v. *Bukley*, 13 Wend. 71; *Eddy* v. *Graves*, 23 id. 82; *Lawrence* v. *Woods*, 4 Bosw. 354, 362.

The principle laid down in these cases is not, I think, applicable to cases where the agreement, by virtue of which the release was made, was carried into effect, and it is well understood to be the law, that a covenant under seal may be released, in whole or in part, by a parol executed agreement. *Lattimore* v. *Harsen*, 14 Johns. 330; *Dearborn* v. *Cross*, 7 Cow. 48; *Allen* v. *Jaquish*, 21 Wend. 632; *City of Brooklyn* v. *Brooklyn City R. R. Co.*, 57 Barb. 499. In *Allen* v. *Jaquish*, *supra*, it is said in the opinion that, when the agreement under seal is departed from in the mode and time of its performance, and yet the performance is accepted as satisfactory, though an action of covenant will not lie, the acts of the parties shall be considered as evincing an executed agreement to rescind the contract. The person sought to be charged having acceded to the departure and equity, conscience and good faith, therefore, demanding that he should make compensation, the law raises an implied promise to pay.

The parol agreement in the present case was executed by the delivery of the shanty as the consideration, by the surrender of that portion of the contract to another party with the defendant's approval, and by the work done afterward by the plaintiff on the faith of the arrangement, which was fully recognized and sanctioned, and by the payment of money therefor by the defendant.

It may also be remarked that the non-performance of the portion of the contract which was surrendered was occasioned entirely by the act of the defendant and his partner, and, therefore, the defendant is not in a position to avail himself of the failure he has occasioned, as he himself has prevented the act being done. *Fleming* v. *Gilbert*, 3 Johns. 528; *Betts* v. *Persine*, 14 Wend. 219; *Young* v. *Hunter*, 6 N. Y. 207. Within these cases, the non-performance having been caused by the party himself, he has waived the condition precedent, and is estopped from interposing the same as a defense. A party may by acts recognize a contract which has thus been changed, and by acting under it as agreed upon, waive its performance. *City of*

*Brooklyn* v. *Brooklyn City R. R. Co.*, 57 Barb. 499. *Goit* v. *National Protection Ins. Co.*, 25 Barb. 192; *Carroll* v. *Charter Oak Ins. Co.*, 10 Abb. N. S. 166. It would be in direct violation of settled rules of law to hold that where a party had voluntarily consented to the relinquishment of part of a contract, and allowed another to proceed on this basis, recognizing such change and consenting to the performance of labor and the expenditure of money, that no recovery could be had on the remainder of the contract. The doctrine of estoppel is clearly applicable to any such claim or defense to the enforcement of the contract which had been acted upon.

It is said that the release was without consideration. The answer to this position is that the shanty delivered was a sufficient consideration, and was sold or given by the defendant and Worthington to the new contractor, who took that portion of the contract which was relinquished. Even if such was not the case, the acceptance of the consideration above stated, in connection with the subsequent acts of both parties in recognizing the validity of the contract as modified, and the performance of the same by the assignee, and the acceptance of the work and the payment of money by the defendant's intestate, on account of the same, were sufficient to uphold the release within the rules laid down in the authorities cited.

Although the evidence was conflicting upon the question whether there was a release by parol, yet there was sufficient proof, I think, to sustain a verdict of the jury to whom the question was properly submitted, and who found in favor of the plaintiff. Certainly, there is no such preponderance of evidence as would justify a reversal of the judgment on that account. But as no motion was made for a new trial, on the facts, I do not see how this question can arise upon the bill of exceptions argued on this appeal.

The provision in the written contract that Passmore should not sell or transfer any portion of the contract, without the consent, in writing, of the defendant's intestate, was, I think, waived by the acts of the parties within the decisions cited on the subject of waiver.

The defendant's intestate, being notified that the contract had been assigned to the plaintiff; that he was performing it as such assignee; and having acquiesced in such performance, delivered the plaintiff monthly estimates, paid him upon his own receipts at times, and treated the plaintiff as such assignee, without making any

objection to the assignment, was estopped from claiming, after the work was done, that the assignment should have a consent in writing, to make it valid and effectual. I think that the judge properly refused to charge the jury that the plaintiff was only entitled to recover for such work as was done by the plaintiff, and not for *any work* done by Passmore. The request was too broad, and would exclude a recovery for the ten per cent which was reserved and expressly assigned to Passmore.

I also think that there was no error in the allowance of interest. By the terms of the contract, the ten per cent deducted and retained out of the monthly payments was to be paid and was due on the full and entire performance of the contract. The work was completed on the 14th of September, and upon the completion of the work, this amount became due. The contract does not provide for a final estimate or for payment, according to such estimate, and, therefore, there appears to be no good reason why interest should not be allowed from the completion of the contract and when the amount became due, according to the established rule in such cases.

I discover no error in any of the rulings upon the trial, and I am of the opinion that the judgment should be affirmed, with costs.

*Judgment affirmed.*