HARWOOD v. SHOE.

(Filed April 17, 1906).

*Deeds — Non-Performance of Covenant of Support — Estoppel.*

1. Where the failure of the grantee of a deed to carry out his contract of maintenance with the grantor was due to the acts and conduct of the heirs-at-law of the grantor, they cannot profit by their wrongful acts, although they were not parties to the contract.

2. One who prevents the performance of a condition, or makes it impossible by his own act, will not be permitted to take advantage of the non-performance.

PARTITION proceedings by Howell Harwood and others against John F. Shoe and others, heard by *Judge B. F. Long* and a jury, at the Fall Term, 1905, of the Superior Court of STANLY.

Defendant Shoe, having pleaded sole seizin as to 50 acres, the case was tried upon the following issues:

1. Did Susan Harwood, at the time of the execution of the deed of December 29, 1893, have sufficient mental capacity to execute the same? Ans. Yes.

2. Was the execution of the said deed procured by fraud and undue influence of the defendant, John Shoe, as alleged in the complaint? Ans. No.

3. Did the defendant, John Shoe, perform the covenant of maintenance of Susan Harwood, as provided in the deed? Ans. No.

4. If he failed in any particular as to the said contract of maintenance of Susan Harwood, was such failure due to the acts or conduct of the plaintiffs? Ans. Yes.

5. Is John Shoe the owner in fee and entitled to the fifty acres of land described in the answer? Ans. Yes.

6. Are the plaintiffs and defendants tenants in common

of all the lands described in the petition except the fifty acres? Ans. Yes.

From the judgment rendered, the plaintiffs appealed.

*Adams, Jerome & Armfield* and *J. Milton Brown* for the plaintiffs.

*R. L. Smith* for the defendants.

BROWN, J. The learned counsel for plaintiffs contended that they are entitled upon the issues as answered, to a judgment for plaintiffs, and in his argument stated that he wished to rest his whole case upon that exception to the ruling of the court below.

The jury found in answer to the fourth issue, that the defendant's failure to carry out his contract of maintenance of Susan Harwood was due to the acts and conduct of the plaintiffs. But the plaintiffs say that they were strangers to the contract, and that, therefore, they are not to be held responsible for the non-performance of the contract by defendant Shoe. It is a general rule of law that if a party by his contract charge himself with an obligation possible to be performed, he must make it good unless its performance is rendered impossible by the act of God, the law, or the other party. If this action were being prosecuted by Susan Harwood to set aside the deed on account of the non-performance of his obligation by defendant, this rule of law would apply although the defendant was prevented by a third person, without Susan Harwood's consent, from performing his contract. But the plaintiffs are the heirs-at-law of Susan Harwood and inherited the land from her. They had a personal and pecuniary interest during her lifetime in a failure by defendant to comply with his agreement. If he failed, the conveyance could be avoided and they would get the land at her death. The defendant offered evidence tending to prove that during Susan Harwood's life

the plaintiffs compelled defendant to leave the land and by force prevented him from carrying out his obligation to her. The jury accepted defendant's version of the facts.

To permit plaintiffs to recover the land now upon the ground contended for by them and in the face of such a finding by the jury would be to permit them to take advantage of their own wrong.

It is a salutary rule of law that one who prevents the performance of a condition, or makes it impossible by his own act, will not be permitted to take advantage of the non-performance. This rule applies with especial fitness where the party is impelled by personal interest, as in this case. *Young v. Hunter,* 6 N. Y., 207; *Buffkin v. Baird,* 73 N. C., 283; *Harris v. Wright,* 118 N. C., 422; *Navigation Co. v. Wilcox,* 52 N. C., 481. It would be against good morals, as well as law, to allow plaintiffs to profit by their wrongful acts, although they were not parties to the contract. *Nemo ex suo delicto meliorem suam conditiorem facere potest.*

A careful examination of the record discloses

No Error.