### CAMDEN v. JARRETT, Sheriff.

(Circuit Court of Appeals, Fourth Circuit. May 31, 1907.)

#### No. 705.

CONTRACTS—PERFORMANCE—CONDITIONS.

Defendant, having a claim against L., and desiring to obtain certain documentary evidence in possession of the husband of plaintiff's decedent, contracted to pay decedent or her assigns $4,325 on a specified date, in consideration of a delivery of the papers, and further obligated himself to pay decedent, in addition, $5,000 out of any money he might recover and collect from L. or F. under a specified contract, on condition that defendant recover judgment against L. for the amounts of money that might be recovered against defendant thereafter, for which defendant had claims against L. under his contract. Defendant thereafter compromised his suit against L., taking the note of a third person in full satisfaction of the claim. *Held,* that such compromise rendered performance of the condition by which decedent was entitled to the additional payment impossible, and she, not being responsible therefor, was entitled to recover the additional payment, as though the condition had been performed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, § 1446.]

In Error to the Circuit Court of the United States for the Northern District of West Virginia, at Parkersburg.

H. P. Camden, for plaintiff in error.

George E. Price and Richard S. Ker (W. N. Miller and Braxton, Ker & McCoy, on the briefs), for defendant in error.

Before GOFF and PRITCHARD, Circuit Judges, and MORRIS, District Judge.

PRITCHARD, Circuit Judge. This is an action at law instituted by defendant in error against plaintiff in error in the Circuit Court of the United States for the Northern District of West Virginia, at the trial of which judgment was had in favor of the plaintiff below for the sum of $3,167.20, from which judgment defendant below sued out a writ of error.

From an examination of the record, it appears that on the 23d day of November, 1893, the plaintiff in error in this action instituted suit in the Circuit Court of the United States for the Eastern District of Virginia, in assumpsit, against Robert A. Lancaster, demanding damages in the sum of $30,000, in which action plaintiff in error was seeking to recover the sum of $18,090.87, alleged to be due by reason of a certain contract in relation to the purchase of the stock of the Greenbrier White Sulphur Springs Company. Lancaster was supposed to be insolvent at that time. Plaintiff in error and George L. Peyton had both been stockholders and directors of the Greenbrier White Sulphur Springs Company. On December 1, 1893, George L. Peyton was in-

vited to meet the plaintiff in error in Washington City, to discuss other suits involving the affairs of plaintiff in error in connection with the White Sulphur Springs Company. During the conversation, it appears that Peyton told plaintiff in error about certain papers of value to him in connection with the Lancaster suit then pending, which papers he showed the plaintiff in error, and, being asked what he would take for them, replied that he would take $10,000 for the same. After considering the matter for some time, plaintiff in error accepted the proposition, and gave his obligation, which is the basis of this suit, and took possession of the papers; the terms of the agreement being that the plaintiff in error was to pay Mrs. Peyton, the wife of George L. Peyton, the sum of $10,000. The consideration moving the plaintiff in error to undertake such payment was valuable papers actually delivered to him contemporaneously with the making of the contract; that of the said consideration of $10,000, $5,000 thereof was to be paid in any event, but the remaining $5,000 was only to be paid upon condition that plaintiff in error should recover judgment against Robert A. Lancaster on the claims which he had against said Lancaster, and which were the basis of the suit then pending against him. Under this contract, plaintiff in error paid the $5,000 which was to be paid in any event, but declined to pay the remaining $5,000. On the 12th day of September, 1904, the plaintiff in error compromised the Lancaster suit for the sum of $7,500, to be paid out of the proceeds of a certain Broun note when collected.

Notwithstanding the fact that the defendant in error relies upon a written contract, which purports to have been executed for a valuable consideration, to wit, valuable papers delivered to Camden, nevertheless it was attempted to vary the contract by oral testimony. It is insisted by plaintiff in error, that instead of the contract being a single contract, it is really two contracts in one, relating to separate and distinct matters, and demanding separate and distinct performances. On the trial of the case in the court below, the learned judge admitted evidence over the objection of defendant in error, by which it was sought to prove a different consideration from that stated in the contract, and submitted certain instructions, tendered by the plaintiff and defendant, respectively. The defendant filed a bill of exceptions together with an assignment of errors, and the plaintiff likewise filed a bill of exceptions together with an assignment of errors. The case, therefore, comes before this court on writs of error sued out by the respective parties.

The original declaration contained three counts, and a demurrer was interposed by the defendant to the same, and the demurrer was sustained as to the first and second counts, and the action was remanded to rules, with leave to amend at bar or at rules, whereupon an amended declaration was filed. A demurrer to the declaration was also interposed by the defendant below, but the court overruled the same. We have carefully considered the contentions of the defendant below relating to the allegations contained in the declaration, and are of opinion that the same are without merit.

The real question involved in this controversy is whether the plaintiff below is entitled to recover upon the contract upon which this ac-

tion is based. It appears from the evidence, as well as the contract, that on the 1st day of December, 1893, the defendant in error delivered to the plaintiff in error certain valuable papers, for which the plaintiff in error undertook and agreed to pay the defendant in error on May 1, 1894, $4,325, and, "in addition to the above-named amount," to pay to the plaintiff the further sum of $5,000 upon the happening of the condition set forth in the contract. The contract is as follows:

"This is to show that I have this day, Dec. 1st, 1893, agreed to pay Mrs. Mary C. Peyton or her assigns four thousand three hundred and twenty-five ($4,325) dollars on May 1st, 1894. The consideration is for valuable papers delivered to me this day. And I further agree and obligate myself to pay her in addition to the above named amount five thousand ($5,000) dollars out of any money I may recover and collect from R. A. Lancaster or F. O. French, under my contract with the said R. A. Lancaster of May 31st, 1881. Upon the condition that I recover judgments against said Lancaster for the amounts of money that may be recovered against me hereafter, for which I may have claims against the said Lancaster under and by virtue of said contract."

It appears from the evidence that the plaintiff in error had brought suit against a man named Lancaster, and that the husband of Mrs. Mary C. Peyton had in his possession certain valuable documentary evidence which was material to the questions involved in the controversy between the plaintiff in error and Lancaster, and the plaintiff in error, being anxious to secure this evidence, entered into the foregoing contract, by which he agreed to pay on the 1st day of May, 1894, the sum of $4,325, and also agreed to pay the further sum of $5,000 upon condition that he recovered judgment against Lancaster; in other words, the plaintiff in error agreed to pay Mrs. Mary C. Peyton the sum of $5,000 in addition to the sum first mentioned in the contract, provided he succeeded in accomplishing what he had undertaken by the suit he had instituted against Lancaster. It appeared that for some reason, which is unexplained by the record, the plaintiff in error entered into a compromise by which he secured a note from a man by the name of Broun in full satisfaction and compromise of the claim which he held against Lancaster. The action of the plaintiff in error in compromising the suit which he had instituted against Robert A. Lancaster rendered impossible the happening of the condition upon which defendant in error, according to the terms of the contract, would have been entitled to recover the sum of $5,-000. The defendant in error was in no wise responsible for this condition of affairs, and under these circumstances we are called upon to determine whether the plaintiff in error by his action in compromising the suit would be entitled to take advantage of a situation whereby his acts rendered the performance of the contract impossible. It is admitted that the plaintiff in error compromised his claims against Lancaster, which forever precluded the possibility of securing a judgment upon the same. It is a well-settled principle of law that where the obligor to a contract which contains a condition does that which renders the performance of the condition impossible he immediately becomes liable on his contract.

Addison on Contracts (3d Ed.) vol. 1, § 326, in discussing this question says:

"It is a principle of law that he who prevents a thing from being done shall not avail himself of the nonperformance which he has himself **occasioned**."

Chitty on Contracts (11th Ed.) vol. 2, p. 1029, states the rule:

"But where the performance of the contract is rendered impossible by the act of the party who is chargeable thereon, such impossibility affords no answer to an action on the contract."

Also, in the case of Cape Fear & Deep River Navigation Co. v. George Wilcox, 52 N. C. 481, 78 Am. Dec. 260, it is stated in the headnote that:

"One who prevents the performance of a condition, or makes it impossible by his own act, shall not take advantage of the nonperformance."

In view of the principle enunciated in these cases, we are of opinion that the plaintiff below, under the circumstances, was entitled to recover on the contract which forms the basis of this action, inasmuch as the defendant below by his conduct has rendered impossible the performance of the condition contained in the contract by compromising the suit which he had instituted against the said Lancaster.

We have carefully considered the other assignments of error by the defendant below and the rulings of the court in relation to the same, and are of opinion that such assignments of error are without merit.

This court declines to consider the writ of error sued out by the plaintiff below, for the reason that in the assignments of error there is a total failure to observe the rules of practice as announced by this court and frequently referred to in its opinions.

For the reasons hereinbefore stated, the judgment of the Circuit Court is affirmed.