R. E. HALL v. DURHAM LOAN AND TRUST COMPANY, SALLIE H. UMSTEAD, ANNIE H. SWINDELL, KATHLEEN H. WATKINS AND DURHAM LOAN AND TRUST COMPANY, SALLIE H. UMSTEAD, ANNIE H. SWINDELL AND KATHLEEN H. WATKINS, ADMINISTRATORS OF THE ESTATE OF J. D. HAMLIN, DECEASED.

(Filed 6 May, 1931.)

1. **Executors and Administrators C b—Contract of employment in this case held not terminated by death of employer.**

    An entire and indivisible contract providing for the employment of the plaintiff as a clerk in a warehouse for a stated period of time at an

agreed price is not terminated by the death of the employer, and the employer's estate is liable to the employee for salary accruing thereunder after the employer's death.

**2. Executors and Administrators C h—Evidence held insufficient to hold personal representatives liable on contract of employment.**

An employee under a contract of employment with the deceased brought action against the estate of the deceased and his personal representatives individually to recover that part of his salary accruing after the death of the deceased: *Held*, evidence of a contract of employment between the personal representatives in their individual capacity and the employee is insufficient to be submitted to the jury, it appearing from the evidence that the personal representatives dealt with the employee in their representative capacity only and that the employee considered that his agreement for the continuance of the work after the death of the employer was made with them as administrators.

APPEAL by plaintiff from *Grady, J.,* at February Special Term, 1931, of DURHAM. Affirmed.

The plaintiff, R. E. Hall, alleges that one J. D. Hamlin employed him for the tobacco season of 1929-1930, at the stipulated price of $1,500 for the season's work, and that said season consisted of five months and the plaintiff was due for his services the sum of $300 per month; that prior to the death of J. D. Hamlin, deceased, he had paid or caused to be paid to the plaintiff on the season's work the sum of $850, and there was due the plaintiff at the time of the death of said Hamlin the sum of $650 for the remainder of the season. That immediately after the death of the said Hamlin the defendants undertook in their individual capacity to continue the operation of the said warehouse theretofore conducted by their intestate, and in so doing employed the plaintiff to continue in the capacity of clerk, which he had theretofore filled at the salary agreed upon between himself and the said Hamlin; that defendants secured license from the proper authorities to conduct the warehouse business, and did so until the close of the season, or for a period of about two months; there is due the plaintiff by defendants individually for services rendered them by plaintiff the sum of $600, and $50 from the estate of said Hamlin.

The defendants denied that they were individually liable to plaintiff for the services rendered by him, but admitted that the estate of the said Hamlin was liable.

After the reading of the pleadings, the plaintiff tendered the following issues:

"1. In what sum, if any, is the estate of J. D. Hamlin indebted to the plaintiff for work and labor performed for J. D. Hamlin prior to his death?

2. In what sum, if any, are the defendants indebted to the plaintiff for work and labor performed in the operation of the Planters Warehouse subsequent to 30 December, 1929?"

And thereupon the following admissions were made in open court: "1. It was admitted that J. D. Hamlin died 30 December, 1929.

2. That the defendants in their representative capacity never secured any order of court to permit them to continue the business of their intestate.

3. The defendants admitted in open court the liability of the estate of J. D. Hamlin, deceased, to the extent of the sum of $650."

The court below rendered the following judgment: "This cause coming on to be heard, and the defendants having admitted during the trial that the plaintiff is entitled to recover of them as administrator and administratrices of the estate of J. D. Hamlin, deceased, the sum of $650, and interest thereon at six per cent per annum from 28 February, 1930, and the plaintiff contending, upon the evidence offered, that he is entitled to a personal judgment against the defendants upon the contract alleged, in the complaint, and the court being of the opinion, upon the evidence offered, that the plaintiff cannot recover as against the defendants individually, but can only recover against them as personal representatives of J. D. Hamlin, deceased: It is, therefore, ordered, adjudged and decreed that the plaintiff have and recover of the defendants, Durham Loan and Trust Company, Sallie H. Umstead, Annie H. Swindell and Kathleen H. Watkins, administrator and administratrices of J. D. Hamlin, deceased, the sum of $650 and interest thereon at six per cent per annum as from 28 February, 1930, together with the costs of this action to be taxed by the clerk. And it is further ordered and adjudged that the plaintiff is not entitled to recover of the defendants individually.

This 13 February, 1931.

HENRY A. GRADY, *Judge Presiding.*"

The exceptions and assignments of error made by plaintiff were as follows:

"1. The plaintiff objected and excepted to his Honor's intimation that he would hold as a matter of law the defendants were not individually liable to the plaintiff for the sum of $600.

2. The plaintiff objected and excepted to his Honor's ruling declining to submit the question of individual liability of the defendants to the jury as one of a mixed question of law and fact.

3. Plaintiff excepted to his Honor's signing the judgment, holding that the defendants were not individually liable."

The assignments of error and material facts will be set forth in the opinion.

*R. O. Everett for plaintiff.*

*Watkins & Hofler for defendants Sallie H. Umstead, Annie H. Swindell, Kathleen H. Watkins, individually and as administratrices of the estate of J. D. Hamlin, deceased.*

*Fuller, Reade & Fuller for Defendant Durham Loan and Trust Company, administrator and individually.*

CLARKSON, J. The defendants will be termed in the opinion "administrators."

Questions presented by plaintiff:

(1) Is the estate of an employer of a clerk in a warehouse, employed for a definite period of time, liable to said clerk for his salary for the unexpired time, accruing after the death of the employer? We think so; death did not terminate this type of contract. As to contracts made by a corporation, which became insolvent and was placed in the hands of a receiver, see *Lamson Co. v. Morehead,* 199 N. C., at p. 168, and cases cited.

Plaintiff's exceptions and assignments of error are to the effect that on all the evidence the court below held that plaintiff could not recover from the defendants individually. In this we can see no error. The court below allowed a recovery against defendants in their representative capacity for the amount of $650.

The plaintiff alleges, and the evidence is all to the effect, that plaintiff had an entire or indivisible contract with defendants' intestate, J. D. Hamlin, as an employee in the capacity of clerk for the tobacco season of 1929 and 1930, at an agreed price of $1,500. That J. D. Hamlin died 30 December, 1929, and plaintiff had been paid $850, and there was unpaid $650 on the contract. The death of Hamlin, under the facts and circumstances of this case, we do not think relieved his estate of this unpaid obligation. If plaintiff was ready, able and willing to perform his part of the contract, tendered his services to the defendants, administrators of the estate of J. D. Hamlin, and they refused to continue him in the employment, plaintiff's remedy was to sue for the breach or use due care to minimize the loss and at the expiration of the time for fulfilling the contract to sue for the balance, less what plaintiff made in the *interim. Smith v. Lumber Co.,* 142 N. C., 26.

"The general principle is fully recognized with us that, in case of contract broken or tort committed, the injured party should do what reasonable care and business prudence require to minimize the loss." *Hoke, J.,* in *Yowmans v. Hendersonville,* 175 N. C., p. 579; *Mills v. McRae,* 187 N. C., at p. 709; *Monger v. Lutterloh,* 195 N. C., at p. 280; *Gibbs v. Telegraph Co.,* 196 N. C., at p. 522.

If the defendant administrators refused to carry out the contract between plaintiff and their intestate, J. D. Hamlin, the estate would be liable to plaintiff in accordance with the law above set forth.

In *Pugh v. Baker,* 127 N. C., at p. 7-8, is the following: "The plaintiff was employed by Carter, not at the will of Carter, but by the year, payments to be made monthly for his work, and the appointment of an administrator, and his ratification of the contract of his decedent, during the year 1898, could not have affected, one way or the other, the original contract between the plaintiff and Carter. The plaintiff did exactly what he contracted to do with Carter, and the contract was binding on Carter during his life, and on his personal representative after his death. But we find elsewhere numerous authorities for this position. 'Under a contract for employment for a specified time, the employee may recover from the personal representative as such for the whole term, though part of the services were rendered after the employer's death.' 8 Am. and Eng. Enc. Law (2 ed.), p. 1008, and cases there cited."

In 24 C. J. (Executors and Administrators), part section 472, p. 53-4, the following is laid down: "Executors or administrators are in general bound by all the covenant or contract obligations of their decedents, except such as are personal in their nature and of which personal performance by the decedent is of the essence; or such as are terminated by decedent's death, even though performance is detrimental to the estate; and where the personal representative neglects or refuses to carry out the contract of the decedent, the other party has the usual remedies, as in electing to treat it as rescinded and claiming damages. Conversely, the executor or administrator has the right to carry out the contracts of his decedent, even though they are of a personal nature, and enforce the fulfillment of obligations to his decedent where likely to prove beneficial to the estate. (Note i.) An administrator may perform a contract of his intestate for the estate's benefit without an order therefor from the county court, where the contract is not of a strictly personal nature, assuming the risk of being required to make good any loss that may ensue, and if he acts in good faith without such order to comply with intestate's contract his acts as to the other party to the contract are binding upon the estate. *Kadish v. Lyon,* 229 Ill., 35, 82 N. E., 194."

"Where the personal representative performs the contract or covenant of his decedent and completes the transaction, the estate will be held bound for any loss sustained thereby, and will be entitled to any profit realized in consequence." 24 C. J., *supra,* part sec. 472, at p. 55.

In *Siler v. Gray,* 86 N. C., at p. 570, we find the following: "It is true that the cases put down in the books, like those cited by us, are generally those in which the contracts sued on have been to marry—to

teach an apprentice—to render services as an author, or as a doctor or a lawyer—such as will be determined by the very nature of the services to be rendered or the skill requisite to perform them, to the exclusion of all thought of performance by any other person than the contracting party."

In *Burch v. Bush,* 181 N. C., at p. 127: "Those of a strictly personal nature, involving particular personal skill or taste, such as a contract of an author to write a book, an artist to paint a picture, a sculptor to carve a piece of statuary, a singer to give a concert, and a promise to marry, are personal contracts and die with the person. Death makes the performance of such contracts impossible; and, indeed, removes the main object and inducement for the agreement. Executors and administrators are unable to perform such contracts, and the estate of the deceased cannot be held liable in damages by reason of the failure to complete them. Ordinarily, contracts falling under this exception come under the general rule, and death does not excuse performance. 13 C. J., 643, *et seq."* At p. 128: "Of course, where the personal representatives of a deceased are able to do so, and, in good faith, offer to complete the contract, and the other party refuses to accept such offer and declines to permit the personal representatives to proceed, such would relieve them from further performance. . They would be entitled, then, to an accounting, and to recover as upon a *quantum meruit. Whitlock v. Lumber Co.,* 145 N. C., 120; *Navigation Co. v. Wilcox,* 52 N. C., 481, and *Buffkin v. Baird,* 73 N. C., 283. Again, the surviving party may abandon the contract and thus forfeit his right to call upon the personal representatives of the other party to continue with the agreement." *Harris v. Wright,* 118 N. C., 422; *Harwood v. Shoe,* 141 N. C., 161.

In *Snipes v. Monds,* 190 N. C., at p. 191, citing numerous authorities, it is said: "An executor cannot, by any contract of his, fasten upon the estate of his testator *liability created by him, and arising wholly out of matters occurring after the death of the testator."* (Italics ours.)

In *Allen v. Armfield,* 190 N. C., at p. 870-1, we find: "A personal representative is not answerable in his official character for a cause of action not created by the decedent. As the Court said in *Whisnant v. Price,* 175 N. C., 611, the uniform rule is that no action will lie against the personal representative of a deceased person except upon some claim which existed against the deceased in his lifetime and for a claim accruing wholly in the time of the administration, the administrator is liable only in his personal character. *Snipes v. Monds, ante,* 190."

The other question presented by plaintiff:

(2) Was there sufficient evidence to go to the jury on the question of a contract of employment between the defendants individually and the plaintiff for that portion of the tobacco season of 1929-30 expiring subsequent to the death of plaintiff's former employer? We think not.

In the present case the defendant's administrators carried out the contract made by plaintiff with their intestate, and plaintiff, under the facts and circumstances of this case, can recover from them only in their representative capacity.

Plaintiff testified in part: "I do not remember Mrs. Swindell (one of the administratrices) mentioning anything about not making any new contracts, but wanting to give us an opportunity to complete our contracts with her father, that we might leave if we desired to do so, and that if we continued we would have to file our claim against the estate and that she didn't know how long it would be before we received our money. . . . No price was mentioned between Mrs. Swindell and myself. I did not have any understanding with Mrs. Swindell as to what amount would be paid me at all. I expected to get the amount Mr. Hamlin had contracted to pay me because she didn't mention what she was going to pay us, so I just expected the balance of my salary. I expected some arrangements would be made to pay me before or directly after the season closed. *I expected the administrators to pay me. I didn't expect I had a contract with the individuals. I expected the administrators to pay me. I considered I made a contract with the individuals as administrators.* . . . I have brought suit for a certain amount against the estate."

There were certain expressions, according to plaintiff's testimony, made by Mrs. Swindell tending to show individual responsibility, but at the same time reasonably construed with plaintiff's testimony above set forth, it indicates they were made as an administratrix carrying out a contract that in law the administrators were bound to carry out or suffer loss. In fact, from the above testimony, plaintiff looked to the estate for payment.

The other evidence on the part of plaintiff was not sufficient to be submitted to a jury to show individual responsibility on the part of defendants. The judgment below is

Affirmed.