M. BAILEY BARROW AND W. W. KENNEDY v. DORIS MURPHREY

No. 898SC70

(Filed 3 October 1989)

**Contracts § 24— contract with defendant's husband—defendant not liable on contract**

The trial court properly entered summary judgment for defendant in an action to recover on a contract where plaintiffs entered into the contract with defendant's husband who subsequently died; plaintiffs did not bring an action against the husband's estate to enforce their contract; defendant was not a party to the contract; and plaintiffs did not perform their obligation under the contract within the allotted time.

APPEAL by plaintiffs from *Phillips (Herbert O.), Judge*. Order entered 29 September 1988 in Superior Court, GREENE County. Heard in the Court of Appeals 11 September 1989.

On 7 August 1986, plaintiffs filed a complaint against defendant alleging breach of contract and requested that the trial court order defendant to render an accounting of the sales and expenses of the properties covered by the contract and pay plaintiffs two-thirds of the surplus proceeds of the sales of said property. Defendant generally denied the allegations, denied that she was a party to the contract, and raised the affirmative defense that plaintiffs materially breached the contract through nonperformance.

On 7 July 1987, treating defendant's first defense as a motion to dismiss under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, the trial court entered an order denying the motion.

Defendant filed a motion for summary judgment on 9 September 1988, asserting that she was not a party to the contract in ques-

**BARROW v. MURPHREY**

[95 N.C. App. 738 (1989)]

tion and that there was never any enforceable contract between plaintiffs and defendant. Defendant subsequently filed affidavits and other evidence to support her motion.

Plaintiffs also filed personal affidavits and a motion for summary judgment, and defendant filed an objection and motion to strike all reference in these affidavits to "oral communications" between plaintiffs and Loys L. Murphrey, defendant's deceased husband. On 26 September 1988, the trial court granted defendant's motion to strike and motion for summary judgment and entered such order on 29 September 1988. From this order, plaintiffs appeal.

*Harrison and Simpson, P.A., by Fred W. Harrison, for plaintiffs-appellants.*

*Ward and Smith, P.A., by Robert D. Rouse, Jr. and Donalt J. Eglinton, for defendant-appellee.*

ORR, Judge.

The dispositive issue on appeal is whether the trial court erred in granting summary judgment in defendant's favor, effectively finding that defendant was not, as a matter of law, personally liable on the contract in question.

On 18 January 1983, plaintiffs and defendant's husband, Loys L. Murphrey (now deceased, hereinafter Murphrey), entered into a written contract relating to the development and sale of real property known as Buccaneer Bay. Murphrey purchased the property on the same date from developers Bernice C. and Jack N. Nobles for $550,000.00 of which plaintiffs received a $50,000.00 commission for arranging the sale.

The pertinent provisions of said contract related to the development and sale of Buccaneer Bay, whereby Murphrey agreed to pay plaintiffs compensation if plaintiffs sold "all of the property" and upon Murphrey recovering his entire investment, plus interest. It further provided that plaintiffs hold a public auction to sell the property on or before 1 May 1983. If the auction proceeds were insufficient to fully indemnify Murphrey, then plaintiffs agreed to sell all of the property within five years of 18 January 1983 at their own expense. If plaintiffs were unable to perform within the time period, then they would not be entitled to any compensation.

Plaintiffs conducted the auction pursuant to the contract. Proceeds from the auction totaled $317,200.00, almost $200,000.00 less than Murphrey's investment. Although plaintiffs attempted to sell some of the property until 31 December 1983, no actual sales occurred.

On 24 December 1984, Murphrey died, leaving the Buccaneer Bay property to defendant (his wife). Proceeds from the sale of said property did not equal Murphrey's investment until 2 June 1986. Sales and maintenance between March 1984 (the first sale after the auction) and 1986 were handled by developers Bernice and Jack N. Nobles at defendant's request.

Neither of the plaintiffs have ever had a written or oral contract with defendant concerning the sale or development of said property. Further, plaintiffs have never completed any sales of said property since September 1983 pursuant to their contract with Murphrey.

However, since 2 June 1986, there have been additional sales in Buccaneer Bay. Plaintiffs commenced this action for an accounting of these sales and a percentage of the surplus proceeds.

A motion for summary judgment under G.S. 1A-1, Rule 56(c) "shall be rendered . . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law."

In a summary judgment proceeding, the trial court's role is to determine if there is a triable material issue of fact, viewing all evidence presented in the light most favorable to the nonmoving party. *Land-of-Sky Regional Council v. Co. of Henderson*, 78 N.C. App. 85, 336 S.E.2d 653 (1985), *disc. rev. denied*, 316 N.C. 553, 344 S.E.2d 7 (1986); *Walker v. Westinghouse Electric Corp.*, 77 N.C. App. 253, 335 S.E.2d 79 (1985), *disc. rev. denied*, 315 N.C. 597, 341 S.E.2d 39 (1986). This remedy permits the trial court to decide whether a genuine issue of material fact exists; it does not allow the court to decide an issue of fact. *Sauls v. Charlotte Liberty Mut. Ins. Co.*, 62 N.C. App. 533, 303 S.E.2d 358 (1983) (citations omitted).

In support of her motion for summary judgment, defendant argues that she was never a party to the contract between her hus-

BARROW v. MURPHREY

[95 N.C. App. 738 (1989)]

band and plaintiffs. Therefore, plaintiffs have no claim against defendant. We agree.

The contract in question states that it "is binding on the parties, their heirs, successors and assigns." We have found no authority in this State to indicate that this language found in a contract effectively binds the heirs and beneficiaries *personally* to the contract. We read this language to mean that Murphrey's estate was bound to compensate plaintiffs should they perform their obligations under the contract after Murphrey's death.

Whether or not there is language in a contract to the contrary, the general rule in this State is that contractual liability incurred prior to one's death, which survives, becomes an estate obligation. The obligation is the responsibility of the executor or administrator of the estate in his official capacity. *Hall v. Trust Co.*, 200 N.C. 734, 738, 158 S.E. 388, 390 (1931).

In the case *sub judice*, defendant was appointed executrix of Murphrey's estate. At no time while defendant performed her duties as executrix did plaintiffs make a claim on Murphrey's estate to enforce the contract. We also note that plaintiffs continue to ignore the fact that they never performed their obligations under the contract within the allotted time frame.

Plaintiffs then brought this action alleging defendant's personal liability, although defendant was not a party to the contract. "It is a fundamental principle of contract law that parties to a contract may bind only themselves and . . . *may not bind a third person who is not a party to the contract in absence of his consent to be bound*" (emphasis added). *Insurance Co. v. Chantos*, 293 N.C. 431, 438, 238 S.E.2d 597, 602-03 (1977), *citing* 17A C.J.S., *Contracts* sec. 520 at 999.

Because plaintiffs did not bring an action against Murphrey's estate to enforce their contract, because defendant was not a party to the contract, and because plaintiffs did not perform their obligation under the contract within the allotted time, we find that the trial court did not err in granting defendant's motion for summary judgment.

Affirmed.

Chief Judge HEDRICK and Judge ARNOLD concur.