HAUF, Respondent, v. SCHOOL DISTRICT NO. 1 et al.,
APPELLANTS.

(No. 3,663.)

(Submitted May 13, 1916.    Decided June 3, 1916.)

[158 Pac. 315.]

*Real Property—School Districts—Equity—Quieting Title—Injunction—Conditional Deeds—Complaint—Sufficiency—Fixtures—Jurisdiction.*

Quieting Title—Injunction—Removal of School Building—Complaint—Sufficiency.
1.    In a suit to quiet title to, and for an injunction against removing, a school building located on land deeded to defendant district, with the condition that when abandoned for school purposes it should revert back to the grantor, complaint which alleged that defendant, with intent to abandon the premises, ceased to use them for school purposes, quit them and allowed plaintiff to re-enter, and that the district had offered the building for sale, *held* sufficient, a technical abandonment not being necessary to plaintiff's suit.

Real Property—Fixtures—What Constitutes.
2.    In the absence of anything showing an intention to the contrary, things affixed to realty—such as buildings resting upon foundations imbedded in the soil—are part of the realty and pass with it; hence ownership of such a structure necessarily followed ownership of the land rightfully decreed to plaintiff.

[As to what are fixtures, see notes in 14 Am. Dec. 303; 17 Am. Dec. 686; 24 Am. Dec. 726.]

Same—Quieting Title—Injunction—Equity—Jurisdiction.
3.    The district court had jurisdiction, under its equity powers, of a suit of the character mentioned in paragraph 1, *supra.*

*Appeal from District Court, Ravalli County; R. Lee McCulloch, Judge.*

Suit by J. E. Hauf, against School District No. 1 of Corvallis, Ravalli County, and others.    From a decree for plaintiff, defendants appeal.    Affirmed.

*Mr. J. D. Taylor,* for Appellants, submitted a brief and argued the cause orally.

*Mr. E. C. Kurtz* and *Mr. R. A. O'Hara,* for Respondent, submitted a brief; *Mr. O'Hara* argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

The amended complaint in this case alleges: That on July 10, 1896, the plaintiff, who was then the owner and in possession of lot 3, in section 2, of township 6 north, range 21 west, Ravalli county, conveyed a portion thereof, to-wit, a tract 210 feet square, to school district No. 11 of said county; that such conveyance was by deed duly executed, running to the school district, its successors or assigns, and containing this clause: "Provided, however, that this deed is given with the express under-standing that the said party of the second part shall use the said above-described property hereby conveyed for the purpose of erecting a public school building thereon and for maintaining and conducting a public school and such other public use as the directors may see fit and for no other purpose; the said above-described property to revert to the said parties of the first part whenever said school district shall use or attempt to use said property for any other purpose than that herein expressly agreed upon, or cease to use it for school purposes"; that the grantee entered upon the premises so conveyed, built and maintained a schoolhouse thereon and conducted school therein, said schoolhouse being a frame structure built upon a stone foundation imbedded in the soil; that in 1914 said school district No. 11, with intent to abandon the premises, permanently ceased to use the same for school or any purposes, whereupon, and in August, 1914, the plaintiff went into and has since been in possession of said premises and building; that school district No. 11 has consolidated and merged with defendant school district No. 1, which consolidated district maintains school elsewhere; that the defendant school district No. 1 and its trustees have advertised and offered said building for sale to the highest bidder, and have threatened to sell and move the same from said premises, and will do all this, unless restrained, to plaintiff's irreparable damage. The principal relief asked is a decree establishing plaintiff's ownership and right to the possession of the premises, including the building, and enjoining the defendants from selling or removing said building, or attempting so to do. The defend-

ants failed to answer. Their default was entered, and judgment followed. This appeal is from that judgment, the defendants contending that the complaint does not state any cause of action and does not support the judgment.

The supposed inadequacy of the complaint is based upon the
[1]   view that its allegations of abandonment are insufficient because: (a) They are mere conclusions; and (b) they are not directed to school district No. 1, which, by virtue of the consolidation alleged, became vested with the property. Assuming this to be so, the complaint is not therefore valueless. A technical abandonment is not necessary to the plaintiff's suit, and though the complaint is not a model of precision, its fair effect is to say that, with intent to abandon the premises, school district No. 11 ceased to use them for school or any purposes, quit them, allowed plaintiff to re-enter them, and that since its merger with school district No. 1 the premises have not been used for school purposes, but have been, and are, offered for sale by the consolidated district, acting through its trustees. We think this was sufficient to authorize whatever relief the plaintiff might be entitled to in virtue of the condition in the deed.

By the judgment the plaintiff is decreed to be the owner of
[2]   the premises, including the building, and the defendants, adjudged to have no further interest therein, were enjoined from in any manner interfering with the same. It is not seriously contended that the judgment was unjustified so far as it decreed plaintiff to be the owner of the land; but if this was correct, ownership of the building necessarily follows if the complaint sufficiently alleges that the building became part of the realty. We think it does so allege when it describes the building as a frame structure, constructed and built upon a stone foundation imbedded in the soil. *"Quicquid plantatur solo, solo cedit."* In the absence of anything to show an intention to the contrary, things affixed to the realty, such as buildings permanently resting upon foundation imbedded in the soil, are part of the realty and pass with it.    (Rev. Codes, secs. 4425, 4427; *Montana Elec-*

*tric Co.* v. *Northern Valley Min. Co.,* 51 Mont. 266; 153 Pac.
1017.)

The power of the court below sitting in equity to entertain
[3] this suit is questioned, but without reason, in our opinion.
(*Papst* v. *Hamilton,* 133 Cal. 631, 66 Pac. 10.),

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY
concur.