TRUSTEES OF THE PRESBYTERIAN CHURCH OF PARIS *et al.*

*v.*

MATTIE VENABLE.

*Filed at Springfield January 18, 1896.*

1. REAL PROPERTY—*naked possibility of reverter does not pass by will.* A naked possibility that lands may revert to the grantor on the dissolution of a corporation to which he deeds them, is not an interest which such grantor can pass by will.

2. SAME—*reverting of corporate property on dissolution—limits of rule.* The rule that real estate held by a corporation reverts, on its dissolution, to the original grantor or his heirs, is not available to one who claims under a deed from a devisee of such grantor, where the latter died before the dissolution of the corporation.

APPEAL from the Circuit Court of Edgar county; the Hon. E. P. VAIL, Judge, presiding.

J. E. DYAS, and T. J. GOLDEN, for appellants.

DUNDAS & O'HAIR, for appellee:

In *Mott* v. *Danville Seminary*, 129 Ill. 413, this court says: "As the act of 1849 does not direct what is to become of the property of a corporation in event of its dissolution, the ground donated by Mrs. Lamon will be disposed of in accordance with the principles of the common law applicable to such case."

At common law, upon the dissolution or civil death of a corporation, all its real estate remaining unsold reverts back to the original grantor or his heirs.    2 Kent, 307; 1 Blackstone, 484; 2 id. 256; 2 Morawetz on Corporations, sec. 1031; *Life Ass.* v. *Fassett*, 102 Ill. 315.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an action of ejectment in the Edgar circuit court, by appellee, against appellants, to recover possession of certain lands formerly owned by Henry I. Venable, deceased.    On June 17, 1848, Henry I. Venable and wife conveyed the premises to James M. Blackburn, Thomas

McCord, Leander Munsell, J. W. S. Alexander, E. W. Thayer and Alanson Baldwin, as trustees of a voluntary association called "Edgar Academy." The deed provided that if the academy should afterwards become incorporated, these trustees, or the survivors of them, should convey the premises to such corporation. In 1867, by special act of the legislature, the academy was chartered, and became organized under the name of "Edgar Collegiate Institute," and in 1877 James M. Blackburn, Thomas McCord and E. W. Thayer, the only surviving original trustees of "Edgar Academy," by quit-claim deeds, and according to the terms of the original deed to them, conveyed all their right, title and interest to the corporation. The conveyance was by two deeds of exactly the same purport, one being executed by James M. Blackburn and Thomas McCord, living in Edgar county, and the other by E. W. Thayer, in Sangamon county, two days later. The Edgar Collegiate Institute continued to hold the title until 1892, when, by judgment of ouster rendered against it in *quo warranto* proceedings in the Edgar circuit court, it was divested of all its rights and franchises. On January 13, 1874, long prior to the judgment of ouster, Henry I. Venable executed his last will and testament, by which he bequeathed all his "estate, real and personal," to his wife, Martha A. Venable. After his death, which occurred in 1884, this will was duly admitted to probate. On January 3, 1894, Martha A. Venable executed and delivered to appellee a quit-claim deed, and she thereupon brought this suit against appellants, who were then in possession. The defendants filed a plea of not guilty, and by agreement the case was submitted to the court without a jury. Judgment was entered for the plaintiff, and the defendants appeal.

As grounds for reversal defendants invoke the well settled rule that in this action plaintiff must recover, if at all, upon the strength of her own title, and not upon the weakness of that of the defendants, and insist she has

failed to prove she had any title whatever to the premises sued for. The soundness of this position depends upon whether or not the title passed to her grantor, Martha A. Venable, by the last will of her husband.

What interest in or title to this land did Henry I. Venable have when he made his will, or at the time of his death, when it took effect? Counsel for appellee suggest the point, (though they do not insist upon it,) that by his deed to Blackburn and others, trustees of the voluntary association, the title did not pass, but remained in him. Certain provisions of the statute of this State then in force (Rev. Stat. 1845, pp. 284, 614,) are cited in support of the suggestion, but wherein these provisions affected the validity of that deed or limited its effect is not pointed out. On its face it was a conveyance of the fee, without any reservation whatever in the grantor. The manifest object of it was to place the absolute fee in the corporation then in contemplation of the parties and afterwards duly organized, its charter authorizing it to receive and hold the title to this very land. We find nothing in the statutes referred to which can be held to defeat that purpose. We entertain no doubt that if the deeds from James M. Blackburn, Thomas McCord and E. W. Thayer were effectual to convey their title to the Edgar Collegiate Institute, it became seized of the absolute fee simple title to the premises, and continued to hold the same until its dissolution, in 1892.

The principal contention of appellee's counsel is based upon the correctness of this position, and they insist that the deed from the original grantees, or the survivors of them, did vest all their title in the incorporated company, and that upon its dissolution it re-vested in the devisee of Henry I. Venable by reverter. Counsel for appellants maintain, that while the fee passed out of Henry I. Venable by his deed to the trustees of the voluntary society, it was not legally conveyed by them to the incorporation, and that the latter did not have title to the property

when it was dissolved, or at any other time. While we do not concur in that view, we do not deem it important to enter upon a discussion of the question, for the reason that the further contention that the title did not revert to the devisee of Henry I. Venable, if all that is or can be claimed on behalf of appellee is admitted, must be sustained. On that theory the question recurs, what interest or title in and to the premises did Henry I. Venable have when he made his last will and testament, or at the time of his death? That it did not revert to him personally is beyond controversy, because he died long prior to the dissolution of the incorporation. Did he nevertheless have such an interest as he could convey, assign or pass by will? The authorities are clearly to the effect that he did not. He had no future estate in the land, "but only what is called a naked *possibility of reverter*, which is incapable of alienation or devise," although it would descend to his heirs. (Tiedeman on Real Prop.—enlarged ed.—sec. 385.) As said in Washburn on Real Property, (vol. 2, p. 739): "So if A sell land to a banking company, and they hold it till their charter expires, it will revert to him or his heirs. But such a right is not a reversion. It is a naked possibility of reverter, which he could not convey or assign,"—citing, among other authorities, *Nicoll* v. *New York and Erie Railroad Co*. 12 N. Y. 121.

It is clear from these authorities, as it seems to me to be upon principle, that Henry I. Venable had no title whatever to the land after he conveyed it to Blackburn and others, and hence conveyed none to his widow, Martha A. It follows that appellee took nothing by her quit-claim deed from the latter. Had Venable died after the dissolution of the Edgar Collegiate Institute, the title would have re-vested in him on appellee's theory of the case, and would have passed under his will as after acquired property. But no such case is presented here.

The doctrine that real estate held by a corporation at its death or dissolution reverts to the original grantor or

his *heirs,* recognized by this court in *Mott* v. *Danville Seminary,* 129 Ill. 403, and other cases, cannot be availed of by appellee in this case.  She does not claim title as heir of Henry I. Venable, or through any such heir.  Her source of title is the devise to her grantor.  For the reasons stated she acquired no title from that source, and hence failed to prove, as she alleged, that she was the owner of the premises.

The judgment of the circuit court must be reversed.

*Reversed and remanded.*