WADDELL ET AL., RESPONDENTS, *v.* SCHOOL DISTRICT No. 3 ET AL., APPELLANTS.

(No. 6,115.)

(Submitted April 28, 1927. Decided June 13, 1927.)

[257 Pac. 278.]

*Real Property — Quieting Title — School Districts — Deeds — Breach of Condition Subsequent—Right of Re-entry—Transfer—Pleading and Practice.*

Real Property—Conveyance—Re-entry upon Breach of Condition Subsequent—Right Transferable.
　1.　While under the common law a right of re-entry upon land after breach of a condition subsequent incorporated in a deed does not constitute an interest in real property and is therefore not susceptible of conveyance, under section 6839, Revides Codes of 1921, such a right may be transferred.　　　　　　　　　　　　F
Same—Quieting Title—Transferee of Interest in Right of Re-entry of Grantor Proper Party Plaintiff.
　2.　In an action to quiet title to land conveyed to a school district with the condition that if the use of the land for school purposes should be discontinued the land should revert to the grantor, the transferee of a two-thirds interest in his grantor's right of re-entry and repossession of the land *held* properly joined as party plaintiff in the action based upon breach of the condition, and that therefore a special demurrer for misjoinder of parties plaintiff was properly overruled.

---

1.　See 23 R. C. L. 1110.

Same—School District—Condition Subsequent Rendered Impossible of Performance by Law—When Grantee may not Rely upon Rule.

3. The rule that where a condition subsequent becomes impossible of performance by reason of law, its breach does not have the effect of divesting the grantee of the estate conveyed, *held* inapplicable where the grantee was a school district which by the voluntary act of the electors of the district chose to discontinue the use of the land granted for school purposes and effect a merger with a neighboring district and thus made performance of the condition impossible by its own act, though in doing so it followed the procedure outlined by the statute.

Pleading and Practice—Striking Portions of Answer—Filing Amended Answer Waives Error in Sustaining Motion to Strike.

4. Where, after plaintiff's motion to strike certain portions of defendant's answer is sustained, defendant files an amended answer, he will be held to have abandoned his original answer and may not urge error in sustaining the motion.

Real Property—Deed of Conveyance Held Broad Enough to Include Reversionary Right of Re-entry.

5. A deed purporting to convey an undivided two-thirds interest of all the grantor's right, title and interest in the premises described *held* broad enough to include a reversionary right of re-entry accruing to the grantor on breach of condition subsequent, and properly admitted in evidence as against the contention that it was insufficient in law to convey a right of re-entry.

Same—Finding of Ownership in Plaintiff—Evidence—Sufficiency.

6. Evidence in an action to quiet title based on forfeiture because of breach of a condition subsequent, showing original acquisition of the land as a homestead by one of plaintiffs and no conveyance thereof other than to defendant with the condition attached, except that he sold a two-thirds interest in the right of re-entry and repossession on breach of the condition to his coplaintiff, was sufficient to support finding, after determination that the land reverted to the original owner, that the plaintiffs were the owners of the land.

---

[1, 2]  Deeds, 18 C. J., sec. 41, p. 161, n. 34.  Quieting Title, 32 Cyc., p. 1348, n. 3.  Rights, 34 Cyc., p. 1764, n. 63, p. 1765, n. 64.

[3]  Deeds, 18 C. J., sec. 406, p. 371, n. 11; sec. 426, p. 376, n. 75, 78.  Schools and School Districts, 35 Cyc., p. 922, n. 90, p. 925, n. 20.

[4]  Pleading, 31 Cyc., p. 752, n. 63.

[5]  Deeds, 18 C. J., sec. 41, p. 161, n. 34.  Estates, 21 C. J., sec. 180, p. 1017, n. 26.  Possibility, 31 Cyc., p. 963, n. 19.

[6]  Quieting Title, 32 Cyc., p. 1372, n. 26.

*Appeal from District Court, Ravalli County; James M. Self, Judge.*

ACTION by Edwin W. Waddell and another against School District No. 3 of Ravalli County and others.  From a judgment for plaintiffs, defendants appeal.  Affirmed.

---

4.  See 21 R. C. L. 599.

*Mr. H. C. Packer* and *O'Hara & Madeen,* for Appellants,' submitted a brief; *Mr. Packer* and *Miss Emma Madeen* argued the cause orally.

While section 6839 of the Revised Codes undoubtedly changes the rule of common law which limited right of re-entry to the grantors and their heirs, yet it in no way changes the nature of the right. The right to demand repossession or of re-entry for breach of a condition subsequent is a personal right, and is a right which may be asserted or waived by the reversioner, and while statute permits a conveyance thereof it must be effected by proper words of conveyance. (See *Smith* v. *Hoffman,* 56 Mont. 299, 184 Pac. 842; 23 R. C. L. 1110; *Werner* v. *Graham,* 181 Cal. 174, 183 Pac. 945; *Johnson* v. *City of Los Angeles,* 176 Cal. 479, 168 Pac. 1047.)

It is elementary that a condition possible of performance at the time the transaction occurred, which becomes thereafter impossible of performance through act of God or operation of law, is thereby abrogated. (Devlin on Deeds, sec. 961; *Board of Commrs.* v. *Young,* 59 Fed. 96, 8 C. C. A. 27; *Marquis of Anglesea* v. *Rugeley,* 6 Q. B. 107, 115 Eng. Reprint, 41.) Added to this, in this case there had been a substantial performance on part of said district, it having maintained school thereon for almost thirty years before the merger took place. (*Wagner* v. *Wallowa County,* 76 Or. 453, L. R. A. 1916F, 303, 148 Pac. 1140; *Portland* v. *Terwilliger,* 16 Or. 465, 19 Pac. 90.)

The evidence merely shows a discontinuance of use. There is nothing in the instant case from which an intent to permanently abandon such use can be inferred, and there is nothing to prevent School District No. 3 from opening school on such premises at any time, if congestion in present quarter render it necessary. Meanwhile, the rent received from its use is devoted to "school purposes." The case of *Reclamation District* v. *Sels,* 145 Cal. 181, 78 Pac. 638, supports this position. To constitute abandonment, the cessation would have to

be permanent, and not a mere temporary suspension. (*City Planing Mill & Shingle Co.* v. *Citizens' Mut. Fire Ins. Co.*, 72 Mich. 654, 16 Am. St. Rep. 552, 40 N. W. 777; *Oakland Paving Co.* v. *Hilton*, 69 Cal. 479, 11 Pac. 3.)

*Messrs. Baggs & Kurtz*, for Respondents, submitted a brief; *Mr. E. C. Kurtz* argued the cause orally.

It is our contention that the condition in the deed was breached when the land and premises ceased to be used for school purposes and that, plaintiffs being entitled to the reversion when the suit was commenced, have a legal right to maintain their action. School District No. 18 having ceased to exist and having lost its identity, and there being no trustees, there was no one upon whom to make demand for a reconveyance as provided for under the provisions of section 6870, Revised Codes of 1921.

Under the provisions of section 6839 (which is identical with section 1046, Cal. Civ. Code), an estate dependent upon the breach of a condition subsequent is transferable. (*Johnson* v. *City of Los Angeles*, 176 Cal. 479, 168 Pac. 1047; *Werner* v. *Graham*, 181 Cal. 174, 183 Pac. 945; *Hannah* v. *Southern Pacific Ry. Co.*, 48 Cal. App. 517, 192 Pac. 304; *Los Angeles & Arizona Land Co.* v. *Marr*, 187 Cal. 126, 200 Pac. 1051.) A condition restricting the use of property is valid and will be enforced. (*Hauf* v. *School Dist.*, 52 Mont. 395, 158 Pac. 315; *Papst* v. *Hamilton*, 133 Cal. 631, 66 Pac. 10; *Richardson* v. *Chatfield*, 36 Okl. 700, 129 Pac. 728; *Duester* v. *Alvin*, 74 Or. 544, 145 Pac. 660; *Sherman* v. *Jefferson*, 274 Ill. 294, 113 N. E. 624.)

The deed from Edwin W. Waddell and wife to School District No. 18 contained a condition subsequent. (Sec. 7404, Rev. Codes 1921; 18 C. J., pp. 355, 359, 364; *Los Angeles Inv. Co.* v. *Gary*, 181 Cal. 685, 186 Pac. 593.) It is true, as counsel for appellants insist, that conditions requiring a forfeiture will be strictly construed, but where the condition exists, a court of equity will take jurisdiction, not to declare a forfeiture,

but to quiet a title already forfeited for nonperformance of the condition. (*Ross* v. *Sanderson,* 63 Okl. 73, L. R. A. 1917C, 879, 162 Pac. 709; *Smith* v. *Hoffman,* 56 Mont. 299, 184 Pac. 842; *Quatman* v. *McCray,* 128 Cal. 285, 60 Pac. 855.)

The fact that plaintiffs did not bring suit for a period of about four years cannot be construed into a waiver of the condition subsequent. (18 C. J. 378; *Ross* v. *Sanderson,* 63 Okl. 73, L. R. A. 1917C, 879, 162 Pac. 709; *Gall* v. *Gall,* 126 Wis. 390, 5 L. R. A. (n. s.) 603, 105 N. W. 953; *Lowery* v. *Hawaii,* 215 U. S. 554, 54 L. Ed. 325, 30 Sup. Ct. Rep. 209 [see, also, Rose's U. S. Notes Supp.]; *Smith* v. *Hoffman,* 56 Mont. 299, 184 Pac. 842.)

MR. JUSTICE STARK delivered the opinion of the court.

This is an action brought by the plaintiffs to quiet title to a tract of about one acre of land located in section 26, Township 6 North, Range 21 West, in Ravalli county. The facts in the case are not in dispute and are in substance as follows:

On December 16, 1893, the plaintiff Edwin W. Waddell was the owner of the land in question, and on that day he and his wife executed and delivered a deed thereof to the trustees of school district No. 18 of Ravalli county, which contained the following: "To have and to hold, the said described premises together with the appurtenances, unto the said parties of the second part, their successors and assigns forever, for the sole use of said school district. It being further expressly provided, however, that should said school district numbered eighteen (18), at any time discontinue to use said land for school purposes or remove the school house in said district from the above-described land, that said land shall revert to the said parties of the first part, their heirs and assigns."

School district No. 18 thereupon entered into possession of the premises, constructed a schoolhouse thereon, and continued to use the same for holding school therein down to June 1, 1921. On April 27, 1921, the county superintendent of schools

of Ravalli county duly made an order consolidating school districts Nos. 18 and 3 in said county, which order was as follows:

"Order Annexing School District No. 18 With School District
No. 3, Ravalli County, by Consolidation.

"To the County Clerk, and Clerk of School District No. 18 and
3, Ravalli County, Montana:

"Since the returns of elections held in school district No. 18 and 3 favored consolidation, I, county superintendent of schools, do the 26th day of April, 1921, certify that district No. 18 loses its identity and becomes by annexation a part of the Hamilton schools No. 3.

"[Signed]   ETHEL IRWIN,
"County Superintendent of Schools.
"[Signed]   ANTHONY HORK,
"County Clerk and Recorder.

"Filed April 27, 1921."

Subsequent to June 1, 1921, no school was maintained in the schoolhouse located upon the land in question, but the same was leased by school district No. 3 to the public health service, and the revenue derived therefrom was mingled with and used as a part of the general fund of said district No. 3. On December 22, 1925, the plaintiff Edwin W. Waddell and his wife sold and conveyed to the plaintiff Charles W. Waddell an undivided two-thirds interest of all their right in the land in controversy.

The plaintiffs brought this action on January 11, 1926, for the purpose of obtaining a decree adjudging that they were the owners and entitled to the possession of the premises above described and restraining the defendants from asserting any right, title, claim or interest therein, on the grounds and for the reason that school district No. 18 and also school district No. 3 had ceased to use the said premises and the buildings located thereon for school purposes and had abandoned the use thereof for such purposes, and in their complaint set out the

facts above recited. The defendants demurred to the plaintiff's complaint on the grounds: (1) That the same did not state facts sufficient to constitute a cause of action; and (2) that it appeared upon the face of the complaint that there was a misjoinder of parties plaintiff. This demurrer was overruled by the court, whereupon the defendants filed an answer which, after formal admissions, set up three affirmative defenses which were, on motion of plaintiffs, stricken therefrom. The defendants were granted leave to, and did, file an amended answer, in which they admitted the execution and delivery of the deed to the trustees of school district No. 18; that said district constructed a schoolhouse thereon; that said district was consolidated with school district No. 3, as alleged in the complaint, and set forth that at the time of such consolidation the population of school district No. 3 had decreased so that their children entitled to enjoy school facilities could be cared for in the buildings previously owned by said district No. 3 with a lesser number of teachers than would be necessary to operate the schoolhouse located upon the land in controversy; that said school district No. 3 had not abandoned the said schoolhouse for school purposes, but had only suspended the use thereof temporarily and had leased said building to the United States Public Health Service. Issue was joined on the affirmative allegations of the defendants' answer by the plaintiffs' reply thereto, and the cause was thereafter submitted to the court without a jury.

The court thereafter made findings of fact in accordance with the allegations of plaintiffs' complaint, and as conclusions of law held that the condition subsequent contained in the deed executed by Edwin W. Waddell and his wife to school district No. 18 was broken when said school district No. 18 discontinued to use the land and premises therein described for school purposes on or about the first day of June, 1921; that the plaintiffs Edwin W. Waddell and Charles W. Waddell were the owners of said land and premises in fee simple in the proportion of one-third and two-thirds, respectively, and as such were entitled to the immediate, sole and exclusive possession

thereof; that the deed executed by Edwin W. Waddell and his wife to said school district No. 18 constituted a cloud upon the title of the plaintiffs to the land and premises therein described and that the plaintiffs were entitled to have the same removed; that neither school district No. 18 nor school district No. 3 had any right, title, interest or claim in and to the same; and that the plaintiffs were entitled to a decree as prayed for in their complaint quieting the title to said land and premises against the defendants in the action. A judgment was entered in favor of the plaintiffs in accordance with the court's findings of fact and conclusions of law, from which the defendants have appealed.

1. The first point made by defendants is that the court erred [1, 2] in overruling their general and special demurrer to the complaint. The ground of the special demurrer was that there was a misjoinder of parties plaintiff in that the complaint failed to show that plaintiff Charles W. Waddell had any interest in the matter in controversy. The basis of this contention was that the complaint did not allege any transfer by Edwin W. Waddell and wife to Charles W. Waddell of their right of re-entry under the alleged breach of the condition subsequent contained in the deed to school district No. 18. The allegation in the complaint is: "That, heretofore, on the 22d day of December, 1925, Edwin W. Waddell and Emma Waddell, his wife, by deed in writing sold, transferred, and conveyed unto Charles W. Waddell, the other plaintiff herein, an undivided two-thirds interest of all his right, title, and interest in and to the land and premises described in this complaint and in and to the buildings located thereon," etc.

When this deed was made, Edwin W. Waddell had no present title in the land conveyed. The fee had passed to school district No. 18 by the conveyance from himself and wife in 1893. Even though the condition subsequent therein had been breached in 1921, that fact did not revest the estate in him. It required action on his part to produce this result. He might waive the breach and prevent a forfeiture. (*Smith* v.

*Hoffman,* 56 Mont. 299, 184 Pac. 842.) He did, however, have left a right of re-entry and repossession, if the grantee should breach the condition subsequent. At common law this right could not be assigned or conveyed. (*Upington* v. *Corrigan,* 151 N. Y. 143, 37 L. R. A. 794, 45 N. E. 359; 23 R. C. L. 1110.) But the common-law rule in this respect has been changed in this state by section 6839, Revised Codes of 1921, which provides: ''A right of re-entry, or of repossession for breach of condition subsequent, can be transferred.''

It seems to be the rule at common law that the right of re-entry, such as Edwin W. Waddell had on December 22, 1925, did not constitute an interest in real estate but was only a right of action. (*Trustees of Presbyterian Church* v. *Venable,* 159 Ill. 215, 42 N. E. 836; *Vail* v. *Long Island R. R. Co.,* 106 N. Y. 283, 60 Am. Rep. 449, 12 N. E. 607.) We think, however, that the nature of this right has been enlarged under our statute, as will appear in a subsequent part of this opinion.

The noun ''right'' has been variously defined. In Webster's New International Dictionary it is said to be ''any power or privilege vested in a person by law, whether to act or demand action or forbearance at the hands of another; a capacity or privilege the enjoyment of which is secured to a person by law.'' In *Atchison & N. R. Co.* v. *Baty,* 6 Neb. 40, 29 Am. Rep. 356, the term ''right'' is defined to mean ''that which a man is entitled to have, or to do, or to receive from others within the limits prescribed by law.''

Giving the term ''right,'' as used in the above-quoted portion of the complaint, the comprehensive meaning warranted by the above definitions, we think the allegations are broad enough to admit proof of the fact that Edwin W. Waddell had transferred an undivided two-thirds interest in his right of re-entry upon and repossession of the lands described, and consequently the complaint shows upon its face that Charles W. Waddell was a proper party plaintiff in the action. Therefore, the court did not err in overruling the special demurrer to the complaint.

2. It is further contended that the whole complaint not only [3] fails to state facts sufficient to constitute a cause of action, but affirmatively shows on its face that the plaintiffs cannot state a cause of action against the defendants. This contention is based on an argument that by reason of the consolidation of school district No. 18 with school district No. 3 the condition subsequent in the deed was abrogated because the legal entity of district 18 was merged in district 3, and thereby it became permanently impossible for district 18 to further carry out the provisions of said deed. In support of this contention counsel invoke the principle stated in section 961 of Devlin on Deeds: "Conditions subsequent  *  *  *  becoming impossible either by act of God or law, do not have the effect of divesting the estate vested in the grantee. As the condition cannot be performed the grantee is not at fault."

It is urged that the consolidation of the two districts was not a voluntary act on the part of district No. 18, but was the result of an election held under authority of the laws of the state, and therefore the performance of the condition subsequent became impossible of performance by act of law. We do not think the principle invoked is applicable to the facts in this case.

A school district is the territory under the jurisdiction of a single board designated as a board of trustees. (Sec. 1020, Rev. Codes 1921.) To consolidate two districts a petition must be presented to the county superintendent of schools, signed and acknowledged by a majority of the resident freeholders of each district affected, qualified to vote at school elections, praying for such consolidation; whereupon the county superintendent makes provision for submitting the question to the voters in both districts, and if, at the election, a majority of the votes cast is in favor of the consolidation, the result is carried into effect by appropriate orders made and filed by the county superintendent of schools. (Sec. 1034, Id.) This procedure was followed in the consolidation of districts 18 and 3. Hence, this consolidation was effected, not by an act of the

law-making power of the state involuntarily imposed upon
district 18, but by the voluntary act of a majority of the quali-
fied electors making up the membership of the district. In
this respect the case differs from those cited in *Board of
Commrs.* v. *Young* (C. C. A.), 59 Fed. 96, wherein it was held
that the forfeiture was excused by act of law which prevented
the further use of the estate for the public purposes intended
by the grantor. Here district 18 discontinued the use of the
premises in question for school purposes, not by reason of any
act of law requiring it, but by the voluntary act of those who
had the power under the law to authorize either the continu-
ance or discontinuance of such use, and makes applicable the
rule that ''one who prevents the performance of a condition,
or makes it impossible by his own act, will not be permitted
to take advantage of the nonperformance.'' (*Harwood* v.
*Shoe,* 141 N. C. 161, 53 S. E. 616.) The law did not forbid
the continuance of school on the land in question by district
18, but the district itself voluntarily discontinued such use.

For the reasons above indicated, we think the complaint
stated a cause of action.

3. It is claimed that the court erred in sustaining plaintiff's
[4] motion to strike out certain portions of defendants' an-
swer. After this motion was sustained, defendants were
granted leave to, and did, file an amended answer. By this
procedure the defendants acquiesced in the order of the court
sustaining the motion to strike and abandon their original an-
swer which thereby became functus officio. Under these cir-
cumstances error may not be predicated upon such order.
(*State ex rel. Juckem* v. *District Court,* 57 Mont. 315, 188 Pac.
137, and cases therein cited.) As stated by the court in the
case cited, if it should be determined that the court's action in
sustaining the motion to strike was erroneous, there is now
no place to which the stricken matter could be restored.

4. It is next contended that the court erred in admitting in
[5] evidence the deed from Edwin W. Waddell and wife
to Charles W. Waddell, being the deed mentioned in the com-

plaint, and above referred to. This is an ordinary form of warranty deed, purporting to convey an undivided two-thirds interest in the tract of land involved "together with all and singular the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders;  *  *  *  and also all the estate, right, title and interest, property, possession, claim and demand whatsoever as well in law as in equity" of the said Edwin W. Waddell and Emma W. Waddell, his wife.

The objection urged against the admissibility of the deed was that it was insufficient in law to convey a right of re-entry. The condition subsequent in the original deed to school district 18 provided that if the district should breach the condition, the land "shall revert to said parties of the first part, their heirs and assigns." The interest which the grantors retained in the land under this deed is referred to by counsel in their briefs as a reversionary interest and is also thus designated in the cases of *Werner* v. *Graham,* 181 Cal. 174, 183 Pac. 945, *Los Angeles & Arizona Land Co.* v. *Marr,* 187 Cal. 126, 200 Pac. 1051, and *Johnston* v. *City of Los Angeles,* 176 Cal. 479, 168 Pac. 1047, cited in the brief of counsel for the defendants. This designation seems to harmonize with the definition given in 3 Bouvier's Law Dictionary 2954, that "a possibility of reverter is that species of reversionary interest which exists when the grant is so limited that it may possibly terminate." In *Los Angeles & Arizona Land Co.* v. *Marr,* supra, the interest is designated as "a contingent estate which may be transferred."

Whatever technical designation may be applied to this right reserved to the grantors on breach of the condition subsequent contained in the deed to the school district, it is a right which may be conveyed by the grantor under the statute above quoted. In the original deed to the school district it was specifically provided that the interest should "revert to said parties of the first part, their heirs and assigns," on breach of the condition. By the deed of December 22, 1925, plaintiff Charles W. Waddell

became the successor of an undivided two-thirds interest in the reversions, remainder and remainders, and also all of the rights, both in law and equity, of the original grantors in and to the property involved. While the right of re-entry is not specifically named we think the descriptive words used are broad enough to embrace such a right.

5. In conclusions of law 3 and 4 the court found and decided [6] that the plaintiffs were the owners of the lands involved and entitled to the immediate, sole and exclusive possession thereof. This is alleged as error, and it is argued that there is no evidence that either plaintiff was such owner at the time the action was brought. This argument is not well grounded. It is not disputed that the tract in controversy is a portion of a government homestead originally acquired by the plaintiff Edwin W. Waddell, and that he never made any conveyance thereof except to school district No. 18, with the condition subsequent contained in the deed in question. Likewise there is no dispute but that Edwin W. Waddell sold to the plaintiff Charles W. Waddell what we have above determined to be a two-thirds interest in his right of re-entry and repossession of the land under the condition subsequent contained in the deed to school district 18. Having determined that the tract in question reverted to the original grantor Edwin W. Waddell and his assignee by reason of the breach of the condition subsequent contained in the deed, it follows that the plaintiffs were, when the action was commenced, the owners of the land.

We have given attention to the other matters argued by counsel for defendants, but do not find any prejudicial error therein.

Upon a consideration of the whole case, we are led to the conclusion that the judgment entered in the lower court should be affirmed, and it is so ordered.

*Affirmed.*

Mr. Chief Justice Callaway and Associate Justices Myers, Matthews and Galen concur.